IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY MARKIECE JACKSON,
    Plaintiff,

vs.                                                     Case No. 3:11cv92/LC/CJK

WALTER MCNEIL, et al.,
    Defendants.
_____

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). The initial partial filing fee has been paid. (Doc. 10). Upon review of the complaint, the Court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

Plaintiff was an inmate of the Florida Department of Corrections (DOC), confined at Santa Rosa Correctional Institution (Santa Rosa CI) at all times relevant to his complaint. (Doc. 1). Plaintiff is presently confined at the Orange County Jail – temporarily out of DOC custody pursuant to a court order. (Doc. 11; *see also* www.dc.state.fl.us). Plaintiff is suing nineteen DOC officials, claiming that they violated his constitutional rights by failing to provide adequate portions of food. As a result of the inadequate food portions, plaintiff states that he "has been malnutritioned, lost over 30 pounds [and] contracted a non-curable gum disease."

(*Id.*). As relief, plaintiff seeks $900,000 in damages and unspecified "declaratory and injunctive relief." (*Id.*, p. 7).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the Court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff filed his complaint on February 16, 2011, the date reflected on the institutional date-of-mailing stamp. (Doc. 1, p. 1). On page three of the civil rights complaint form, Section IV(B) Previous Lawsuits, is the following question: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" (*Id.*, p. 3). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), plaintiff marked "Yes." (*Id.*). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed one case: *Jackson v. McNeil*, Case Number 3:11cv22/MCR/EMT, a civil rights case plaintiff filed in this Court on January 17, 2011.

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and

---

[1] Questions (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action. Plaintiff answered "No" to Question (A) and disclosed no cases. (Doc. 1, p. 3).

*Case No: 3:11cv92/LC/CJK*

whether it involved excessive force or some other wrong)?" (Doc. 1, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes." (*Id.*). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed two state court cases and one federal case. The federal case plaintiff disclosed was *Jackson v. McNeil*, Case Number 3:11cv23/WS/MD, a civil rights case plaintiff initiated in this Court on January 17, 2011. Plaintiff disclosed no other cases.

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.*, p. 7). Thus, plaintiff has in effect stated that he initiated no other lawsuits in federal court relating to the conditions of his confinement.

As a matter of course, this Court attempts to make an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[2], the Court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable. As the Eleventh Circuit explained:  "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal

---

[2]Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C. § 1915(g)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

The Clerk has advised and the Court may take judicial notice, that at the time plaintiff initiated this lawsuit on February 16, 2011, plaintiff had initiated at least one other civil rights action in this Court that he failed to disclose. On February 13, 2011 (the date reflected on the institutional mailing stamp), plaintiff initiated *Jackson v. McNeil*, Case Number 3:11cv83/MCR/CJK. There, plaintiff complained of the conditions of his confinement at Santa Rosa CI, claiming that prison officials retaliated against him, were deliberately indifferent to his serious mental health needs, used excessive force on him and verbally harassed him. Plaintiff did not disclose that case in the instant complaint. Although plaintiff may not yet have been aware of the case number and judge assigned to that case, plaintiff certainly knew he had filed it, and knew all other information required by the court form.

The Court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all

*Case No: 3:11cv92/LC/CJK*

prior actions was required.  The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 3).  If plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Therefore, this Court should not allow plaintiff's false response to go unpunished.  The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 12th day of March, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).